JOHN C. WEGNER,
*Referee.*

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRANK KUCZYNSKI, PETITIONER, v. C. W. HUMPHREY, RESPONDENT.

Decided January 9, 1936.

For the petitioner, *Joseph T. Karcher.*

For the respondent, *Francis X. Kenneally.*

*    *    *    *    *    *    *

By stipulation between the parties it is agreed that on June 8th, 1929, the petitioner, Frank Kuczynski, was in the employ of the respondent as a carpenter, and that his weekly wages during the time of employment with the respondent were $32 a week, entitling the petitioner to the compensation rate of $20 per week; that while so employed the petitioner was injured and the said accidental injury arose both out of and in the scope of the employment, and for the said accidental injury the petitioner received compensation from the respondent over a period of eighty and four-sevenths weeks for temporary disability and further compensation benefits for two hundred weeks, equivalent to forty per cent. of total permanent disability; that the said compensation payments were made in full by the respondent to the petitioner, Frank Kuczynski, and upon the said stipulations I find that the petitioner suffered an accidental injury which arose both out of and in the scope of his employment, and that the said claim comes within the provisions of the aforesaid Workmen's Compensation act.

The present supplemental petition seeks additional compensation beyond the sums so paid by the respondent and alleges that because of the injuries set forth in the said supplemental petition, to wit: "broken back—broken right foot. Head injury resulting in my commitment to N. J. State Hospital on Oct. 19, 1934 by Doctors Weber and Meacham," that the petitioner is entitled to further compensation benefits. The evidence presented on behalf of the petitioner attempts to show that subsequent to the accidental injury referred to the petitioner, because of his accident, ultimately became insane so that it was necessary to confine him to the State Hospital for the Insane at Trenton, New Jersey. The testimony of Dr. Adrian Urbanski, the first attending physician, indicates that the injuries suffered by the petitioner were a compression fracture of the fourth dorsal vertebrae, a fracture of the posterior portion of the fifth lumbar vertebrae, a fracture of the astragalus of the right foot, and also of the oscalcis and scaffoid bones of the foot. Dr. Urbanski treated the petitioner for these injuries and upon discharge from

treatment the petitioner suffered disability equivalent to forty per cent. of total disability. From the testimony of Dr. Urbanski nowhere does it appear that the petitioner suffered injury to his head, or to his brain; nor does it appear from the testimony that any of the treatment rendered by the attending physician was directed toward such injury. Dr. J. B. Spradley, appearing as a neurologist and expert on mental diseases, testified on behalf of the petitioner and stated that in his opinion the trauma which the petitioner suffered caused an injury to the brain substance sufficient to produce a condition diagnosed as post-traumatic constitution. Dr. Karl Rothchild likewise testified that in his opinion the condition diagnosed as post-traumatic constitution was due to an injury to the brain substance and caused the petitioner, Frank Kuczynski, to be committed to the aforesaid mental institution. On behalf of the respondent Drs. Jack Blumberg and M. Weinstock Bergman, who appeared as expert neurologists, testified that the condition from which the petitioner, Frank Kuczynski, is now suffering is in no way related to, nor caused or aggravated by the said accidental injury of June 8th, 1929.

From all of the evidence of the medical experts I do find and determine as a fact that the injuries which the petitioner suffered in his accidental injury of June 8th, 1929, were fractures of the oscalcis and scaffoid bones of the right foot and of the astragalus bone of the right foot, fracture of the posterior portion of the fifth lumbar vertebrae, compression fracture with collapse of the anterior portion of the body of the twelfth dorsal vertebrae, for which injuries the respondent has paid temporary disability compensation and permanent disability compensation equivalent to forty per cent. of total disability. I do further find as a fact that the X-rays of the head were negative for any fracture or brain injury.

Having fully considered not only the testimony of the petitioner's experts, but also the testimony of Dr. J. B. Spradley and also Dr. Karl Rothchild, and also Dr. Jack Blumberg and Dr. M. Weinstock Bergman, who appeared as neurologists for the respondent, I find and determine as a fact that the condition from which the petitioner is now

suffering is in no way related to his accidental injury of June 8th, 1929, nor was the said accident either an activating, aggravating or causative factor, especially in view of the fact that the evidence fails to disclose that the petitioner, Frank Kuczynski, suffered any injury or damage to the brain substance, upon which the theory of Dr. J. B. Spradley and Dr. Karl Rothchild is predicated.

Having considered the testimony of the witness, Dr. Eugene Haubner, who appeared as an orthopedic expert on behalf of the petitioner, and Dr. Joseph Koppel, who appeared as an orthopedic expert on behalf of the respondent, I do find further and determine as a fact that the physical disability, aside from the mental condition, suffered by the petitioner because of his accidental injury does not exceed forty per cent. of total disability, compensation benefits for which have already been paid by the respondent.

The testimony of the medical experts is conflicting in character and squarely presents a factual question. Having reviewed not only the medical testimony, but also the testimony of the various lay witnesses who testified as to change in personality of the petitioner subsequent to his accident, and having considered his admitted behavior prior to his accident, I find that the testimony presents a disputed factual question. A careful study of the cases reflect that mental conditions following industrial injury is frequently a matter of legal dispute from the standpoint of compensable liability. Where no reasonable cause, or material basis for the psychosis can be shown, linking the condition, more or less, as a likely sequence to the preceding injury, it has been held that the chain of causation has been broken, thus nullifying the industrial liability. *In the matter of Withers* v. *London B. & S. Co. Railway, W. C. Ins. Ref.* 317; 15 *N. C. C. A.* 349, the court in denying compensation said in part:

"I think, as the Scottish court said, there must be some direct evidence of the insanity being a result of the accident—something more than the insanity being subsequent in turn to the accident  The legal causation must be established and proved."

In the case of *Charles Edner Claim No. 1320, Ohio Indus.*

*Acc. Bd.* 1913, claim was disallowed as there was nothing to indicate that insanity resulted from the injury.

Both Dr. J. B. Spradley and Dr. Karl Rothchild base their diagnosis upon a hypothesis that the petitioner, Frank Kuczynski, suffered a concussion of the brain and some damage to the brain substance. There is nothing in the testimony to sustain the hypothesis upon which the said witnesses based their findings, and I further find and determine as a fact from the evidence presented that the petitioner did not suffer a concussion of the brain, nor damage to the brain substance. From the testimony offered, especially the conflict of opinion, I find and determine as a fact that the petitioner's accidental injury of June 8th, 1929, in no way caused the present mental condition, nor did it activate or aggravate the said condition, and I am of the opinion from the evidence that the petitioner has been fully compensated for any physical injury he may have suffered because of the said accident.

Accordingly, the supplemental petition for increased disability benefits is hereby dismissed.

JOHN C. WEGNER,
*Referee.*